Leandro López de la Rosa et ux., Petitioners, v. Tax Court of Puerto Rico, Respondent.

No. 78. Argued May 6, 1946.—Decided June 21, 1946.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for petitioners. *E. Campos del Toro, Attorney General,* and *Elmer Toro Luchetti, Attorney of the Department of Justice,* for intervener Treasurer of Puerto Rico, respondent in the main proceeding.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Petitioners in this case deducted from their gross income in their tax returns for 1937, the proportional part of the loss sustained by each of them by reason of the destruction of a ruinous building belonging to them, the total amount of the loss being $11,550.71. This deduction was made pursuant to a letter of November 18, 1937, received by Dr. L. López de la Rosa from the Treasurer of Puerto Rico, which reads thus:

"San Juan, P. R., Nov. 18, 1937.—Dr. L. López de la Rosa, Clínica Miramar, No. 1 Olimpo Ave., Stop 10, Santurce, Puerto Rico.—Attention: Mr. E. A. Sumersille, C.P.A.—Sir: Your letters of Nov. 10th and 17th with regard to the destruction of your property 'Las Palmas No. 2, Miramar' have been referred to me.

"In reply we wish to inform you that since said property was destroyed because of its ruinous condition and not for the purpose of erecting a new building, this Department has reached the conclusion that, pursuant to the provisions of Section 16 of the Income Tax Act in force and Article 118 of Regulation No. 1 promulgated under it, you have sustained a loss for the year 1937 in the destruction of said building which is determined as follows·

```
"Cost of the property_____    $16, 000. 00
(Assessment Value (receipt 5244))
    Lot  of  540  sq.  m._____    $1, 620. 00
    Building_____    13, 500. 00
                                                          _____
                                                          $15, 120. 00
                                                          ===========
```

"Cost of the building:

    Determine by applying the proportion between the assessment value of the building ($13,500) and the total assessment of the building and the lot ($15,120) to the total cost of the property ($16,000)_____ $14, 285. 71

    *Less:* Assessment value of the debris_____ 2, 735. 00

                      "Deductible loss_____ $11, 550. 71

"The assessed value of $2,735 was determined by an assessor of this Department who visited the premises yesterday.

"We have deemed it advisable to let you know that the loss of $11,550.71 was determined by this office taking as a basis the information contained in your letter of the 10th instant, which is of course, subject to verification by this Department at any time to determine whether the same is correct.

                  "Very truly yours,

                        (Sgd.) F. A. Ramírez Vega
                          "Assistant Treasurer."

On October 5, 1944, the Treasurer of Puerto Rico notified the petitioners of a deficiency in their income tax for the year 1937, one of the items being—and the only one in issue here—the amount of $11,550.71. The reason set forth by the Treasurer to refuse this deduction was that "the destruction was carried out for the purpose of erecting a new building."

The petitioners filed a complaint before the Tax Court alleging that the house had been destroyed in 1937 because it was in a ruinous condition, and that the loss sustained had been properly investigated and its deductible character acknowledged by officers of the Treasury Department. In his answer, the Treasurer alleged that said house was purchased

with the intention of destroying it and erecting a new building thereon and denied that the deduction had been previously approved by officers of his department.

At the hearing held before the Tax Court the complainants introduced in evidence the above-copied letter which was admitted without objection from the respondent. The Treasurer did not introduce any evidence.

The respondent tribunal rendered decisions dismissing the complaints, and to review them we issued, on motion of the taxpayers, the present writ of certiorari.

▆ The Tax Court based its decision on the fact that the petitioners had not introduced authentic and indubitable evidence to overcome the presumption that the deficiency determined by the Treasurer was correct. Analyzing the scope of the aforesaid letter that tribunal said:

"Although it is true that in the letter in question, which, by the way, was admitted by this court without any objection from the respondent, the complainant López de la Rosa is informed that 'since said property was destroyed because of its ruinous condition and not for the purpose of erecting a new building, this Department has reached the conclusion that . . . you have sustained a loss for the year 1937 in the destruction of said building,' there is no doubt whatsoever that in the last paragraph of the letter it is made clear 'that the loss of $11,550.71 was determined by this office *taking as a basis the information contained in your letter of the 10th instant, which is, of course, subject to verification by this Department at any time to determine whether the same is correct.*' It is unquestionable that the acceptance contained in the last paragraph of the letter copied above is purely and entirely conditional, the condition being that the information furnished by the complaint should be verified by the Treasury Department at any time. *The fact that the Treasurer subsequently refused the deduction of said item clearly shows that he was unable to establish that the allegations contained in petitioners' letter of November 10, 1937 were* true, but that on the contrary he reached the conclusion *that the facts were different.*"

It is a fact admitted by the parties that the petitioners, even at the present time, have not erected any building on the lot where the house was demolished. At no time has the

Treasurer questioned this fact. He admitted it in his letter of November 18, 1937, *supra,* and the allegation contained in his answer to the effect that "the house was purchased by the complainant with the intention of destroying it and erecting in its place a new building," in the absence of evidence to support it, hardly justifies the presumption relied on by the respondent court for its decision of the case.

■■■■ The Treasurer argues that, according to our decision in *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737, and other decisions cited in his brief, we have decided that we shall not disturb the weighing of the evidence made by the lower court and if in the case at bar the latter decided that the letter of November 18, 1937, by its language, only constitutes a conditional acceptance by the Treasurer of the fact in controversy, we should not substitute our view for that of the court as to its findings after weighing the evidence. What we said in the *Mayagüez Sugar Co.* case, *supra,* citing among others *Wilmington Co.* v. *Helvering,* 316 U.S. 164 (referring to the Federal Board of Tax Appeals) was that: "It is the function of the Board, not the Circuit Court of Appeals, to weigh the evidence, *to draw inferences from the facts, and to choose between conflicting inferences.* The court may not substitute its view of the facts for that of the Board. *Where the findings of the Board are supported by sustained evidence they are conclusive . . ."* (Italics ours.)

Is this rule applicable to the facts in the case at bar? Is the conclusion reached by the Tax Court in construing the scope of the letter of November 18, 1937, supported by the evidence? Let us see.

The only evidence before the respondent tribunal was the letter itself introduced by the petitioners. Does the last paragraph of said letter constitute a conditional acceptance of the main fact in controversy, to wit, that petitioners' house had been destroyed because of its ruinous condition and not for the purpose of erecting a new building? We are of the opin-

ion that the inference drawn by said tribunal is not supported by the terms of the letter. In its second paragraph the Assistant Treasurer stated that: "since said property was destroyed because of its ruinous condition and not for the purpose of erecting a new building, this Department has reached the conclusion that pursuant to the provisions of . . . (citation), you have sustained a loss for the year 1937 in the destruction of said building determined as follows (it is detailed in a total of $11,550.71)." It further states that the assessed value of the debris for $2,735 was "determined by an assessor of this Department who visited the premises yesterday." Up to here the letter constitutes an unconditional acceptance of the facts expressed therein.

Now, in the last paragraph of the letter it was stated that "we have deemed it advisable to let you know that the loss of $11,550.71 was determined by this office taking as a basis the information contained in your letter of the 10th instant, which is, of course, subject to verification by this Department at any time to determine whether the same is correct."

This paragraph does not qualify the acceptance previously made to the effect that, 1st, the house was destroyed due to its ruinous condition and not for the purpose of erecting a new building and, 2d, that the petitioners sustained a loss for the year 1937 by reason of the destruction of the aforesaid property. There only remained for future verification by the Treasurer the amount of the loss of $11,550.71 alleged by the petitioners and, even as to this, the Treasurer admitted in his letter that one of the assessors had appraised the debris in $2,735. If it were a case where the Treasurer should have notified the petitioners of the deficiency due to the fact that he had determined that the loss sustained by the petitioners was not $11,550.71 but, let us say, $5,000, it could be properly alleged that the Treasurer had exercised the condition contained in the last paragraph of his letter and the evidence would warrant the conclusion reached by the respondent tribunal.

According to the doctrine cited by us in the *Mayagüez Sugar Co.* case, *supra,* we are not authorized to draw an inference different from the one reached by the lower court, provided the evidence in the record supports it. Nevertheless, the inference drawn by said court from the contents of the letter is not supported by any evidence and hence neither is its conclusion. This is an error of law.

If to the letter introduced in evidence by the petitioners we add the uncontroverted fact that the petitioners have not erected any new building, despite the fact that almost nine years have elapsed since the house in a ruinous condition was destroyed, we are bound to conclude that the petitioners presented sufficient evidence to overcome the presumption relied on by the Treasurer, and that it was incumbent on the latter to introduce evidence in support of his subsequent action.

█ The Treasurer argues that the letter of November 18, 1937, is not an administrative decision nor a tax or deficiency notice and, therefore, that it could be changed by him upon notifying, as he did, a deficiency in the year 1944. This is correct. The letter is not a deficiency notice and it did not impose any tax on the petitioners. However, they paid their tax corresponding to the year 1937 as to the item in question according to said letter. Seven years later the Treasurer notified them of a deficiency as to the item mentioned in the letter and upon taking the matter to the Tax Court the Treasurer relied on the presumption that his action was correct. In order to overcome or destroy said presumption the petitioners presented the letter in evidence. The only question decided by us is that petitioners' evidence, which constitutes an admission by the Treasurer, added to the uncontroverted fact that at the present time no building has been erected in the lot by the petitioners, overcame the presumption and that it was incumbent on the Treasurer to present evidence in support of his action, inasmuch as the

inference drawn by the lower court to reach the conclusion it did, is not justified by the only evidence which it had before it.

The Tax Court erred in dismissing the complaints and, consequently, the decisions sought to be reviewed must be set aside and the cases remanded for other decisions consistent with this opinion.